**Slip Op. 06-18**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

UNITED STATES,

               Plaintiff,

             v.

PAN PACIFIC TEXTILE GROUP,
INC., AVIAT SPORTIF, INC.,
BUDGET TRANSPORT, INC.,
PRIME INTERNATIONAL AGENCY,
BILLION SALES, EVER POWER
CORP., AMERICAN CONTRACTORS
INDEMNITY COMPANY, and
THOMAS MAN CHUNG TAO, and
STEPHEN SHEN YU JUANG,

               Defendants.

Before: Richard W. Goldberg,
          Senior Judge

Court No. 01-01022

**OPINION**

[Amount of defendants' liability for unpaid duties determined.]

Dated: January 31, 2006

Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Michael D. Panzera); Annmarie R. Highsmith, Senior Attorney, Office of Associate Chief Counsel, U.S. Customs and Border Protection, U.S. Department of Homeland Security, for plaintiff.

Law Offices of John Weber (John Weber and Jaime Lathrop) for defendants Thomas Man Chung Tao, Pan Pacific Textile Group, Inc., and Aviat Sportif, Inc.

Goldberg, Senior Judge: This case is before the Court on summary judgment to determine the amount of unpaid duties owed as a result of fraudulent customs violations. The Court has jurisdiction pursuant to 28 U.S.C. § 1582.

## I. BACKGROUND

In United States v. Pan Pacific Textile Group, Inc., 29 CIT ___, 395 F. Supp. 2d 1244 (2005) ("**Pan Pacific II**"), familiarity with which is presumed, the Court found defendants Thomas Man Chung Tao, Pan Pacific Textile Group, Inc., and Aviat Sportif, Inc. (together, "**Defendants**") liable for duties unpaid as a result of their agent's fraudulent customs violations under 19 U.S.C. § 1592. Pan Pacific II, 29 CIT at ___, 395 F. Supp. 2d at 1255. Noting that "Defendants dispute[d] both the valuation of the merchandise and the calculation of duties owed[,]" id. at ___ n.8, 395 F. Supp. 2d at 1248, and failing to find sufficient substantiation of that disputed calculation in the summary judgment briefs, the Court ordered supplemental briefing to determine if the amount of Defendants' liability for unpaid duties could be established on summary judgment. Specifically, the Court ordered plaintiff the United States (in particular, U.S. Customs and Border Protection ("**Customs**")) to "file with the Court a statement of the duties and interest owed by Defendants accompanied by an explanation of the calculation thereof[.]" Order on Slip Op. 05-107, 29 CIT ___, Order at 1 (Aug. 26, 2005).

On September 26, 2005, Customs filed the required statement and explanation. See Response to Court's Request/Order Regarding Loss of Revenue (the "**Statement of Unpaid Duties**"). In the Statement of Unpaid Duties, Customs calculated Defendants'

liability for unpaid duties in the amount of $1,844,284.78, as well as interest totaling $1,791,115.37 as of September 26, 2005. Statement of Unpaid Duties at 2.  To substantiate this calculation, Customs provided detailed declarations from two employees of the U.S. Department of Homeland Security: first, the import specialist responsible for calculating the amount of unpaid duties owed by Defendants and, second, the operating accountant responsible for calculating the interest owed by Defendants.  Id., Attach. 1-2.  Customs also provided a spreadsheet listing, inter alia, each disputed entry, its dutiable value, the amount of duties already paid in connection with the entry, the amount of duty still owed in connection with the entry, and the corresponding amount of interest due.  Id., Attach. 3.  Defendants filed a response to the Statement of Unpaid Duties on December 23, 2005 (**"Defs.' Resp."**), raising several objections to Customs' calculation.  Customs filed a reply on January 23, 2006, which included two additional declarations from employees of the U.S. Department of Homeland Security, including a detailed declaration from the paralegal specialist responsible for the maintenance and release of Defendants' property which was seized by Customs during the underlying investigation.

This case is now once again properly before the Court on <u>de novo</u> review.[1]  The sole issue to be determined here on summary judgment is whether a genuine dispute of material fact exists as to the amount of unpaid duties owed by Defendants by virtue of the Court's liability determination in <u>Pan Pacific II</u>. "[S]ummary judgment is proper if the pleadings [and the discovery materials] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law[.]" <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986) (quotation marks omitted).

## II.  <u>DISCUSSION</u>

Defendants object to Customs' calculation of their liability for unpaid duties on three grounds, each of which is addressed below.  After due consideration of Defendants' arguments, and for the reasons that follow, the Court concludes that Defendants have failed to raise a genuine issue of material fact as to Customs' calculation of the amount of unpaid duties owed by Defendants, and that Customs is entitled to judgment as a matter of law on this issue.  Accordingly, the Court accepts Customs' calculation and fixes Defendants' liability for unpaid duties at that amount.

---

[1] In actions brought for the recovery of a monetary penalty claimed under 19 U.S.C. § 1592, all issues are tried <u>de novo</u>. <u>See</u> 19 U.S.C. § 1592(e)(1) (1999).  The amount of duties owed to the United States has a direct correlation to the maximum amount of penalty that can be assessed.  <u>See</u> <u>id.</u> § 1592(c).

First, Defendants argue that Customs failed to offset the duties owed by the value of a portion of Defendants' entered merchandise seized by Customs during its investigation.  Defs.' Resp. at 1.  Defendants contend that there is a discrepancy between the value of merchandise seized by Customs and the value of merchandise ultimately returned to Defendants.  Id.  To establish this discrepancy, Defendants compare a letter sent by Customs at the time of seizure noting the <u>domestic value</u> of the seized entries ($2,010,720) to a letter sent by Customs at the time of remittance noting the <u>dutiable value</u> of the seized entries ($244,404).  Id. at 1-2.  Defendants contend that they are owed, in the form of a duty offset, the difference between these amounts.  Id. at 2.  What Defendants fail to appreciate is that they are comparing apples to oranges.  Dutiable value and domestic value are not equivalent measures of entered merchandise.[2]  They are different <u>types</u> of valuations performed

---

[2] Domestic value is defined as the "price at which such or similar property is freely offered for sale at the time and place of appraisement[.]"  19 C.F.R. § 162.43(a) (2005).  "Freight, profit <u>and duty</u> are therefore included."  <u>United States v. Quintin</u>, 7 CIT 153, 158 n.3 (1984) (emphasis added).  In contrast, transaction value is the general standard for determining the dutiable value of imported merchandise.  19 U.S.C. § 1401a(a)(1)(A) (1999).  Transaction value is defined as "the price actually paid or payable for the merchandise when sold for exportation to the United States" plus certain additional costs.  <u>Id.</u> § 1401a(b)(1).  The "price actually paid or payable" is defined as "the total payment . . . made, or to be made, for imported merchandise by the buyer to, or for the benefit of, the seller."  <u>Id.</u> § 1401a(b)(4)(A).

by Customs during the course of importation.  The fact that Customs referenced two different types of valuation in its letters to Defendants is of no legal consequence.  These references simply do not imply that the value of Defendants' entries diminished while in Customs' custody.  Indeed, Defendants have provided no evidence that the entries were actually damaged or otherwise suffered some diminution in value while in Customs' custody.  Without proper presentment of such evidence in accordance with Customs' regulations, see 19 C.F.R. §§ 158.21-.30 (2005), Defendants are owed no duty offset as a result of Customs' seizure of Defendants' entered merchandise.

Second, Defendants argue that Customs overstated the total dutiable value of Defendants' entries.  Defs.' Resp. at 2. Defendants note that an exhibit used in the criminal trial predating this civil action alleged the total dutiable value of Defendants' entries to be $3,468,951 - a much smaller amount than the $10,691,712[3] alleged by Customs here.  Id.  Unfortunately for Defendants, this observation is of no moment.  The exhibit in question is not a comprehensive analysis of the 68 entries at issue in this case.  Instead, the exhibit summarizes the invoices and entry records for only four of those entries.  Customs'

---

[3] This total dutiable value is much higher than the dutiable value noted in Customs' letter, referenced above with regard to Defendants' seized merchandise, because Customs seized only a portion of the 68 entries at issue in this case.

decision, in a wholly separate proceeding, to introduce an exhibit telling only part of the story of large-scale fraud underlying this case in no way undercuts the more comprehensive evidence presented by Customs to support its duty calculation here. Defendants are not entitled to an inference that no duties are currently owed on entries which do not appear on an exhibit only tangentially related to this case.

Third, Defendants contend that Customs erroneously calculated dutiable value by referencing the prices reflected on Defendants' invoices to end customers. Defs.' Resp. at 2. Instead, Defendants argue that Customs should have calculated dutiable value "by applying the concept of factory direct cost[,]" which arguably would have resulted in a lower dutiable value. Id. at 2. Presumably, Defendants' argument relies on the decision by the U.S. Court of Appeals for the Federal Circuit in Nissho Iwai Am. Corp. v. United States, 982 F.2d 505 (Fed. Cir. 1992). In Nissho Iwai, the court held that, if certain criteria are present, an importer engaged in a multi-tiered transaction may claim that an entry's transaction value (upon which dutiable value is based) is the value of the entry's original sale from the manufacturer to a middleman, rather than value of the sale from that middleman to the end customer. Id. at 509. To take advantage of this alternative treatment, an importer must present Customs with evidence that certain criteria are met before

liquidation of an entry or during the protest period immediately following liquidation.  See Treas. Dec. 96-87 (Jan. 2, 1997), 31 Cust. B. & Dec. No. 1, available at 1997 CUSBUL LEXIS 2 at *8 (describing factors used to determine transaction value in multi-tiered transactions); 19 U.S.C. § 1484 (1999) (requiring importer to supply valuation documentation to Customs upon entry of merchandise); id. § 1514(a) (permitting protest of Customs' entry valuation).  While it is possible that Defendants' entries could have qualified for this alternative treatment, Defendants have provided no evidence that documentation to this effect was furnished to Customs prior to liquidation or during the protest period.  Absent such a showing, Customs appropriately calculated dutiable value by referencing the prices reflected on Defendants' invoices to end customers.

"Where a party has filed a properly-supported motion for summary judgment in accordance with Rule 56, the non-movant bears the burden of coming forward with 'specific facts showing that there is a genuine issue for trial.'"  Processed Plastic Co. v. United States, 29 CIT ___, ___, 395 F. Supp. 2d 1296, 1299 (2005) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  With the Statement of Unpaid Duties and associated declarations and exhibit, Customs has now provided the proper support for its calculation of Defendants' liability for unpaid duties.  As discussed above, Defendants have failed to allege any

facts which call into question the accuracy of Customs'
calculation.  No <u>genuine</u> dispute of material fact exists here.
Accordingly, the Court concludes that Customs is entitled to
judgment as a matter of law on the issue of the amount of unpaid
duties owed by Defendants.

### III.  <u>CONCLUSION</u>

For the foregoing reasons, the Court finds that Defendants
have failed to raise a genuine dispute concerning Customs' duty
calculation.  The Court therefore accepts Customs' calculation
and fixes Defendants' liability for unpaid duties at that amount,
plus interest as provided by law.  A separate order will be
issued accordingly.

<u>/s/ Richard W. Goldberg</u>
**Richard W. Goldberg**
**Senior Judge**

**Date: January 31, 2006**
      **New York, New York**